## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

LORI ANN BEAVER,

                         Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security
Administration,

                         Defendant.

Case No. 14-CV-593-CVE-FHM

## REPORT AND RECOMMENDATION

Plaintiff, Lori Ann Beaver, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1]  The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1]  Plaintiff's July 7, 2011, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Deborah L. Rose was held March 6, 2013.  By decision dated April 10, 2013, the ALJ entered the findings that are the subject of this appeal.  The Appeals Council denied Plaintiff's request for review on August 4, 2014.  The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 44 years old on the alleged date of onset of disability and 48 on the date of the ALJ's denial decision  She has a high school education and formerly worked as a warehouse worker, loader/unloader, and poultry processor.  She claims to have been unable to work since October 31, 2009 as a result of knee pain, reflex sympathetic dystrophy of the right knee, obesity, and anxiety.

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity (RFC) to lift and/or carry 10 pound, stand and/or walk 2 hours in an 8-hour workday, sit for up to 8 hours in an 8-hour workday, avoid use of foot controls, and occasionally climb, balance, stoop, kneel, crouch, and crawl.  She should never climb ladders, ropes or scaffolds. Plaintiff is limited to simple, routine tasks with superficial and incidental work-related interaction with coworkers and supervisors, but no public interaction required for completion of job tasks.  [R. 16].

2

Although Plaintiff is unable to perform her past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

### Plaintiff's Allegations

Plaintiff asserts the Appeals Council erred by failing to properly consider new and material evidence; and the court should reverse and remand because Plaintiff was found disabled on a subsequent application for benefits as of the day after this unfavorable decision.

### Analysis

Plaintiff has not raised any issues concerning the ALJ's decision. Therefore, the undersigned has not addressed any aspect of the ALJ's decision.

#### Appeals Council Consideration of Additional Evidence

Plaintiff submitted additional records to the Appeals Council, as permitted by the relevant regulations. 20 C.F.R. §§ 404.970(b), 416.1470(b). The Tenth Circuit has summarized the relevant principles related to the consideration of evidence submitted to the Appeals Council. Under the regulations, the Appeals Council must consider evidence submitted with a request for review if the additional evidence is a) new, b) material, and c) related to the period on or before the date of the ALJ's decision. *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004); 20 C.F.R. §§ 404.970(b), 416.1470(b). Whether

3

evidence qualifies as new, material, and relevant to the time period is a question of law, subject to the court's de novo review. *Chambers,* 389 F.3d at 1142. If the evidence does not so qualify, it plays no further role in judicial review of the Commissioner's decision. *Id.* If the evidence does qualify and the Appeals Council considered it, the evidence becomes part of the record the court assesses in evaluating the Commissioner's denial of benefits under the substantial evidence standard. *Id.* If the evidence qualifies, but the Appeals Council did not consider it, the case should be remanded for further proceedings. *Id.*

Plaintiff argues that the evidence she submitted qualified as new and material evidence, that the evidence warranted remanding the case to the ALJ or an outright award of benefits, and the Appeals Council failed to properly consider the evidence.

The evidence Plaintiff submitted to the Appeals Council is found in Exhibits 29F, 30F, 31F, 32F, and 33F. [R. 5, 721-829]. The evidence consists of progress notes from Grand Lake Mental Health Center dated February 11, 2013 to February 12, 2014, [R. 721-818], mental RFC and mental status forms completed by John Mallgren, D.O., dated September 5, 2013, [R. 822-825], and a Physical Disability Parking Placard Application dated June 25, 2013, [R. 829]. The Appeals Council noted that the ALJ decided the case through April 10, 2013, but the new information is about a later time. The Appeals Council decided therefore that the new information does not affect the decision about whether Plaintiff was disabled on or before April 10, 2013. [R. 2].

The undersigned observes that, except for 9 pages of progress notes encompassing 8 visits to the Grand Lake Mental Health Center dated from February 11, 2013 to April 10, 2013, [R. 746-755], the records are dated after the date of the ALJ's denial decision. The undersigned has reviewed the additional 9 pages of notes, [R. 746-755], and finds that they

4

do not contain what can be considered new information for purposes of  20 C.F.R. §§ 404.970(b), 416.1470(b).   Evidence is considered new within the meaning of these regulations if it is not duplicative or cumulative.  *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003) (quoting *Wilkins v. Sec'y, Dep't of Health & Human Servs.,* 953 F.2d 93, 96 (4th Cir. 1991)).   The content of these progress notes is much the same as those that were before the ALJ and were discussed in the denial decision.  [R. 21-22].  Most of the additional pages contain the notations: "no new needs, goals, or objectives identified at this time." [R. 749-755].  The pages dated April 8 and 11, 2013, state that new needs, goals, or objectives were identified, but the notes do not indicate what those were.  [R. 746-748]. The undersigned finds, therefore, that the pages dated from February 11, 2013 to April 10, 2013, [R. 746-755], relate to the time frame under review, but do not qualify as new evidence as the notes relate the same type of information discussed by the ALJ and are cumulative of the records before the ALJ.  As a result, as a matter of law, the Appeals Council was not required to consider these records.

The undersigned finds that the remainder of the new information submitted does not relate to the time frame on or before the ALJ's denial decision.  In addition to the fact that the information was generated after the ALJ's decision, there is nothing within those records to suggest that they relate to an earlier time.

Plaintiff argues that the forms completed on September 9, 2013 by Dr. Mallgren relate to the time before the ALJ's decision because Dr. Mallgren treated Plaintiff from at least July 30, 2012, and had access to Plaintiff's mental health records from as early as November 2010.  [Dkt. 17, p. 5].  Plaintiff discusses the content of Dr. Mallgren's opinion,

but does not point to anything contained within that opinion to suggest that the opinion itself relates to the period under review in this case.

The undersigned is not persuaded that Dr. Mallgren's opinions relate to the earlier time frame.  Dr. Mallgren states that Plaintiff's hygiene has deteriorated over the last six months.  At best he describes a process that relates only as far back as one month before the ALJ's decision.  Nothing within Dr. Mallgren's opinion suggests it relates to the time frame from October 2009 to April 2013.  To the extent Dr. Mallgren addresses any time frame, he refers to recent events.  For instance, in describing Plaintiff's daily activities and interests, Dr. Mallgren said:  "Client reports 'sitting at home.'  Client was participating in college online courses but was recently reported to have dropped the courses."  [R. 825].[2]

Since the submitted evidence does not qualify and new, material, and related to the period or before the date of the ALJ's decision, it plays no further role in the judicial review.  As a consequence, the content of the information cannot be the basis of a remand.

Plaintiff raises another Appeals Council issue.  In the Notice of Appeals Council Action, [R. 1-58], the Appeals Council stated:

> We looked at medical evidence from Parkside INC dated October 28, 2013 to October 29, 2013; Brian Lewis, DO dated October 14, 2013 to May 06, 2014; and Saint Francis Hospital dated August 27, 2013 to September 30, 2013.  The Administrative Law Judge decided your case through April 10, 2013.  This new information is about a later time.  Therefore,

---

[2]  In addition, Dr. Mallgren described Plaintiff as being able to remember and comprehend simple instructions but having a marked impairment in carrying out complex instructions.  He further stated Plaintiff has difficulty interacting appropriately with others and anxiety often affects her relationships with peers and supervisors.  [R. 825].  This description echos the ALJ's RFC finding.  [R. 16].  Some of the check-marked limitations on the mental RFC Assessment exceed the ALJ's RFC finding, [R. 822-823], but again there is no indication from Dr. Malgren that those findings relate to the period under review by the ALJ.

6

it does not affect the decision about whether you were disabled
beginning on or before April 10, 2013.

[R. 2]. The evidence listed by the Appeals Council in the Notice is apparently the result

of a scrivener's error as it is not included in the record and Plaintiff does not assert that she

submitted this evidence or that it relates to her. The additional evidence which Plaintiff

submitted for Appeals Council consideration is correctly listed in the Order of Appeals

Council, [R. 5], is included in the record, [R. 721-829], and has been discussed by the

undersigned above. Plaintiff argues that the case should be remanded because the

Appeals Council failed to mention or evaluate the correct additional evidence in the Notice

and therefore it is not clear that the Appeals Council considered the evidence submitted.

Plaintiff also points out that the Notice contains the following confusing statement: "we

considered the reasons you disagree with the decision in the material listed on the

enclosed Order of the Appeals Council." [R. 1]. Plaintiff states that this is confusing

because the materials listed in the Order do not contain reasons why Plaintiff disagrees

with the ALJ's decision.

The Appeals Council obviously made a mistake drafting the Notice of Appeals

Council Action. That mistake does not, however, require remand. The reason the Appeals

Council gave for its finding that the new information does not provide a basis for changing

the ALJ's decision is supported by substantial evidence. That is, the Appeals Council

correctly stated the ALJ's decision was decided on April 10, 2013, and except for the 9

pages discussed above, correctly stated the new information was about a later time. [R.

2]. The information Plaintiff submitted to the Appeals Council is correctly listed in the

Order of Appeals Council, [R. 5], and is contained in the record. The undersigned has

determined that the submitted information does not qualify as new, material, and related to the period before the ALJ's decision. As a result, the undersigned finds that Plaintiff has only identified an error in Notice of Appeals Council, but has not demonstrated a basis for remand.

The Tenth Circuit has counseled that the court should exercise common sense and not insist on technical perfection. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). Further, no principle of administrative law or common sense requires that a case be remanded in quest for a perfect opinion, unless there is reason to believe that the remand might lead to a different result. *See Moua v. Colvin,* 541 Fed. Appx. 794, 798 (10th Cir. 2013). Since the additional information does not qualify for consideration under the regulations, there is no reason to believe that remand might lead to a different result.

<u>Subsequent Disability Application</u>

Plaintiff advises that on a subsequent application she was granted benefits as of the day after the unfavorable decision presently under review. Plaintiff asserts that common sense requires the court to question how she could be adjudged able to perform work one day and be disabled the next. According to Plaintiff, the exhibits she attached to her brief and the evidence in the record before the court provide the basis for the subsequent favorable decision by the Commissioner and the basis for remand of this case. [Dkt. 17, p. 8].

Plaintiff has not cited any authority requiring the court to remand the case for further consideration under the circumstances presented here. Plaintiff's exhibits do not provide the court with a basis for remanding the instant decision. Plaintiff's exhibits contain only the first page of the Notice of Award, [Dkt. 17-1], and the first page of a Social Security

8

Notice dated December 15, 2014, [Dkt. 17-2].  The Notice of Award says nothing about the substance of the case.  The Social Security Notice reports a determination that Plaintiff was not disabled through the date she was last insured and states that the determination was based on listed medical reports.  The Social Security Notice says nothing about the dates covered by those reports and says nothing about their substance.

Plaintiff further states that the subsequent application file could contain additional new and material evidence pertaining to the time period for this case but she cannot address the issue without production of the subsequent file.  She asks the court to order the Commissioner to supplement this record with the later file under 42 U.S.C. § 405(g).  Plaintiff's request for the court to order the Commissioner, pursuant to 42 U.S.C. § 405(g), to supplement the record in this case to include the file on her subsequent application is not supported by the language of §405(g).  The undersigned fails to find any language in that section that would support such an order and Plaintiff failed to identify such language.

Plaintiff's statement that it is impossible for her to address the issue of whether the Commissioner based the decision in the subsequent application on some of the same evidence in this case without production of the contents of the file on the subsequent application.  [Dkt. 17, pp. 8-9].  The undersigned finds no merit to Plaintiff claim that she does not have the means to address this issue.  Plaintiff attached the first page of a Notice of Award to her brief.   [R. 17-1].   The undersigned is aware that a Notice of Reconsideration or a Notice of Fully Favorable Decision is issued before a Notice of Award.  In the experience of the undersigned, those documents reveal the basis for the Commissioner's decision and the rationale for the determination of the onset date.  Plaintiff's failure to provide those documents suggests that perhaps they do not support her

contentions in the instant case.  In any event, the undersigned is not persuaded by Plaintiff's assertion that the means of producing further information to support her argument for remand is beyond her reach.

The undersigned finds that Plaintiff has not demonstrated that the subsequent grant of benefits requires remand of this case.

## Conclusion

Based on the foregoing discussion, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation.  Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before January 21, 2016.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th

Cir. 1991)).  Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 7th day of January, 2016.


*Frank H. McCarthy*

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE