UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LORI ANN BEAVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-CV-593-CVE-FHM |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is the Report and Recommendation (Dkt. # 26) recommending that the Commissioner of Social Security's decision denying plaintiff Lori Ann Beaver's application for disability benefits be affirmed. Plaintiff has filed an objection (Dkt. # 27) to the report and recommendation, and she argues that the Appeals Council should have remanded the case for further administrative proceedings in light of new evidence submitted with her request for review of the administrative law judge's (ALJ) denial. The defendant has responded to plaintiff's objection. Dkt. # 28.

**I.**

On July 7, 2011, Beaver filed an application for disability benefits, and she alleged that she was unable to work as of October 31, 2009. Dkt. # 11-5, at 2. Beaver's application was initally denied on October 20, 2011, and her application was again denied on reconsideration. Dkt. # 11-4, at 4; id. at 13. Beaver requested a hearing before an ALJ, and a hearing was held on March 6, 2013.

On April 10, 2013, the ALJ issued a written decision denying Beaver's application for disability benefits. The ALJ found that Beaver had the severe impairments of "surgical repair of

right knee injury, reflex sympathetic dystrophy (RSD) of the right knee, obesity and anxiety . . . ." Dkt. # 11-2, at 15. These impairments did not meet or equal the severity of any of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1, and the ALJ continued to step four of the analysis. After reviewing the medical evidence, the ALJ determined that plaintiff had the following residual functional capacity (RFC):

> I find that the claimant has the [RFC] to lift and/or carry 10 pounds, stand and/or walk 2 hours in an 8 hour workday, sit for up to 6 hours in an 8-hour workday, avoid use of foot controls, and occasionally climb, balance, stoop, kneel, crouch and crawl. The claimant should never climb ladders, ropes or scaffolds. She is limited to simple, routine tasks with superficial and incidental work-related interaction with coworkers and supervisors, but no public interaction required for completion of job tasks.

Id. at 17. The ALJ summarized the medical evidence and noted that Beaver's primary complaints seemed to be right knee pain and anxiety. Beaver fell and injured her right leg on October 13, 2009 and she complained of knee pain through October 2012, but her physician, Bryan Off, D.O., advised Beaver that her knee pain would decrease if she complied with the recommended physical therapy. Id. at 20-21. Beaver also sought treatment for anxiety and depression and the objective medical evidence showed that plaintiff had moderate limitations in daily living and maintaining social functioning, but she could follow simple instructions and relate to supervisors and peers. Id. at 23. The ALJ determined that Beaver was unable to perform any of her past relevant work but he found that there were jobs in significant numbers in the regional and national economies that Beaver could perform with her RFC. This resulted in a finding that Beaver was not disabled.

Beaver asked the Appeals Council to review the ALJ's decision and she submitted new evidence to the Appeals Council. The Appeals Council found that the new evidence was not material and did not concern the time period before the ALJ issued her decision on April 10, 2013.

On October 8, 2014, Beaver filed this case asking the Court to review the Commissioner's decision denying her claim for disability benefits, and the matter was referred to a magistrate judge for a report and recommendation. Beaver argued that the Appeals Council erred by failing to remand the case to the ALJ for consideration of the new evidence submitted to the Appeals Council. Dkt. # 17, at 3. She also argued that she filed a subsequent claim for disability benefits and she was found to be disabled, and she claims that the favorable decision on a subsequent application should be considered as evidence in support of her prior application for disability benefits. Id. at 6. The magistrate judge has entered a report and recommendation recommending that the Commissioner's decision be affirmed.

## II.

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation. However, the parties may object to the magistrate judge's recommendation within 14 days of service of the recommendation. Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part. Fed. R. Civ. P. 72(b).

## III.

Plaintiff objects to the magistrate judge's report and recommendation, and she advances the same arguments that were asserted in her opening brief (Dkt. # 17). She objects to the magistrate

3

judge's recommendation that the new evidence submitted to the Appeals Council was either immaterial or did not relate to the time period before the ALJ's decision. Dkt. # 27, at 1-5. She also objects to the magistrate judge's recommendation that a subsequent award of benefits to her does not require the Court to remand this case for further administrative proceedings. Id. at 6-10.

**A.**

Plaintiff asks the Court to remand the case to the ALJ for further administrative proceedings, because she submitted new evidence to the Appeals Council and the evidence was new, material, and concerned the relevant time period prior to the date of the ALJ's decision. Dkt. # 27, at 1-5. The Commissioner responds that the new evidence does not concern the relevant time period before the ALJ entered her decision or the evidence is cumulative, and the Commissioner asks the Court to accept the magistrate judge's report and recommendation. Dkt. # 28, at 2.

The Appeals Council must consider new evidence submitted with a request to review an ALJ's decision if the evidence is "(a) new, (b) material, and (c) relate[d] to the period on or before the date of the ALJ's decision." Chambers v. Barnhart, 389 F.3d 1139, 1142 (10th Cir. 2004). It is a question of law for the Court to decide whether the evidence meets these qualifications. Id. The Tenth Circuit has summarized the relevant principles as follows:

> If the evidence does not qualify, it plays no further role in judicial review of the Commissioner's decision. If the evidence does qualify and the Appeals Council considered it in connection with the claimant's request for administrative review (regardless of whether review was ultimately denied), it becomes part of the record we assess in evaluating the Commissioner's denial of benefits under the substantial-evidence standard. Finally, if the evidence qualifies but the Appeals Council did not consider it, the case should be remanded for further proceedings.

Id. (citations omitted).

The new evidence is contained in the administrative record at Exhibits 29F, 30F, 31F, 32F, and 33F. Dkt. # 11-7, at 481-561; Dkt. # 11-8. The magistrate judge noted that the Appeals Council's notice of decision to plaintiff lists evidence that is not actually part of the administrative record. See Dkt. # 11-2, at 3. However, the order entered by the Appeals Council refers to the correct evidence and it appears that the notice contains a scrivener's error. Id. at 6. The magistrate judge recommended that any mistake in the notice sent to plaintiff does not require remand, because the new evidence was made part of the record and the new evidence did not have any effect on the ALJ's decision. Dkt. # 26, at 7-8. The Court agrees with the magistrate judge's recommendation and finds that any error in the notice sent to plaintiff is harmless, because the Appeals Council made the correct evidence part of the record and the Court can consider de novo whether the new evidence warrants remand of plaintiff's case.

The Court has reviewed the new evidence submitted to the Appeals Council, and much of the evidence consists of progress notes from the Grand Lake Mental Health Center from February 2013 to February 2014 (Dkt. # 11-7, at 483-549; Dkt. # 11-8, at 1-16). There are nine pages of medical records concerning plaintiff's treatment from February 11 to April 10, 2013. Plaintiff received treatment for anxiety and panic attacks, and she claimed that she had threatened to commit suicide. Id. at 506-515. On September 5, 2013, plaintiff appeared for a mental residual functional capacity assessment (MRFC), and it was noted that plaintiff had a severe limitation in her ability to perform activities within a schedule and maintain regular attendance. Dkt. # 11-8, at 21. The examiner, John Mallgren, D.O., found that plaintiff had marked limitations in her ability to understand and carry out detailed instructions, complete a normal work day, maintain socially appropriate behavior, and adapt to changes in the workplace environment. Id. at 21-22. The

5

accompanying mental status form (MSF) noted that plaintiff had poor hygiene and that she avoided social interaction. Id. at 23-24. Although Dr. Mallgren had previously treated plaintiff, he did not refer to his past treatment and the MRFC and MSF were based on his assessment of plaintiff on September 5, 2013.

Plaintiff primarily focuses on the MRFC and the MSF prepared by Dr. Mallgren on September 5, 2013. Dkt. # 27, at 1. The MRFC contains Dr. Mallgren's opinions that plaintiff has marked limitations in her ability understand and carry out detailed instructions and her ability to maintain a consistent pace during a normal workday, and Dr. Mallgren found that plaintiff had a severe limitation as to her ability to maintain a schedule and appear regularly for work. Dkt. # 11-8, at 21. The MSF notes that plaintiff had poor hygiene and difficulty engaging in social activities outside of the home, but she could follow simple instructions. Id. at 23-24. However, plaintiff suffered from anxiety that affected her ability to work with peers and supervisors. Id. at 24. Both the MRFC and MSF discuss plaintiff's condition as of September 5, 2013, but plaintiff argues that Dr. Mallgren's opinions were based on "clinical findings and treatment notes dating from November 9, 2010 . . . ." Dkt. # 27, at 2. Plaintiff claims that Dr. Mallgren's opinions should have been evaluated as the opinions of a treating physician, and she asks the Court to remand the case to allow the ALJ to consider the new evidence as part of the disability determination.

The Court has reviewed the MRFC and the MSF, and neither document references Dr. Mallgren's treatment of plaintiff before September 5, 2013. The opinions stated in the MRFC and MSF are limited to plaintiff's condition on September 5, 2013, and there is no possible basis to view these documents as pertaining to a date before the ALJ issued her decision. In any event, the ALJ discussed the opinions of Dr. Mallgren in her written decision and the ALJ considered Dr.

Mallgren's findings concerning plaintiff's condition during the relevant time period. Dkt. # 11-2, at 22 (citing treatment records from Grand Lake Mental Health Center, including Dr. Mallgren's treatment of plaintiff). Even assuming that plaintiff's condition declined by September 5, 2013, this would not be relevant to the ALJ's decision issued on April 10, 2013 and the Appeals Council did not err by declining to remand the case for further proceedings based on the MRFC or MSF. Plaintiff argues that the MRFC and MSF incorporate clinical findings by Dr. Mallgren, and Dr. Mallgren's treatment records from February and March 2013 should have been deemed to be material and from the relevant time period. However, evidence is not "new" if is it duplicative or cumulative of other medical evidence already in the administrative record. Threet v. Barnhart, 353 F.3d 1185, 1191 (10th Cir. 2003). The treatment records from February and March 2013 (Dkt. # 11-7, 506-515) show that plaintiff suffered from depression and anxiety and confirm that plaintiff had poor hygiene, but these conditions were noted and discussed at length by the ALJ. The records show that plaintiff did not have any "new needs, goals, or objectives" in her treatment leading up to April 10, 2013, and the Court does not find that there is any reasonable probability that the ALJ's consideration of this evidence (Dkt. # 11-7, at 506-515) would have changed the outcome of the proceedings. Threet, 353 F.3d at 1191-92. The Court has also viewed the remainder of the new evidence submitted to the Appeals Council and finds that it is does not concern the time period before the ALJ entered her decision denying plaintiff's claim for disability benefits. The Court finds that none of the evidence submitted to the Appeals Council by plaintiff warranted remand of the case for further administrative proceedings, and the magistrate judge's report and recommendation should be accepted as to this issue.

**B.**

Plaintiff argues that she filed a subsequent application for disability benefits which was granted, and she claims that this case should be reversed and remanded in light of the favorable decision on her subsequent application. Dkt. # 27, at 6-10. She claims that the alleged date of onset of disability in the subsequent application was April 11, 2013, and this date is one day after the ALJ issued her decision denying plaintiff's initial claim for disability benefits. Id. at 6. The Commissioner responds that plaintiff has failed to show that the subsequent favorable decision concerned plaintiff's physical and mental condition before April 10, 2013, and the subsequent decision does not provide any basis to remand this case for further administrative proceedings. Dkt. # 28, at 2.

A subsequent award of benefits can sometimes provide a basis to remand an earlier application for disability benefits for further administrative proceedings, but the existence of a subsequent favorable decision is not independently sufficient to warrant remanding a case for further administrative proceedings. Wilson v. Colvin, 2015 WL 416438 (D. Kan. Jan. 30, 2015); Taulton v. Colvin, 2014 WL 4792079 (W.D. Okla. Sep. 24, 2014); Roell v. Colvin, 2014 WL 4385848 (N.D. Okla. Sep. 4, 2014). However, there is no uniform approach as to whether a subsequent favorable decision warrants remanding the denial of an earlier application, and the Tenth Circuit has not issued a published decision on this issue. Some courts have found that the decision to grant a subsequent application filed near the date of an ALJ's denial of a prior application can be "significant and substantial" evidence requiring remand under sentence six of § 405(g). Greene v. Astrue, 2011 WL 2671313 (D. Kan. July 8, 2011); Hudson v. Astrue, 2009 WL 2762725 (D. Colo. Aug. 2009). Other courts have reasoned that the decision to grant a subsequent application is not by itself enough to meet the requirements for a remand for consideration of new evidence. Allen v. Astrue, 561 F.3d

646, 653-54 (6th Cir. 2009). In an unpublished decision, the Tenth Circuit has stated that a subsequent favorable decision is not part of the administrative record when reviewing the Commissioner's decision, but the evidence supporting the subsequent decision could have some relevance. Simmons v. Colvin, 2015 WL 9311373 (10th Cir. Dec. 23, 2015). A claimant seeking to use the evidence submitted in connection with a subsequent favorable decision can submit the new evidence to the Appeals Council, seek to reopen the administrative proceedings, or submit the new evidence to the district court. Id. at *3.

Plaintiff's argument concerning her subsequent application for disability benefits should not be considered in isolation from her initial argument that the Appeals Council erred by failing to remand the case for the consideration of new evidence. In this case, plaintiff's primary argument is that she submitted new evidence to the Appeals Council and she has argued that the Appeals Council erred by finding that the evidence did not require a remand to the ALJ. The Court has determined that very little of the evidence concerned the relevant time period, and the limited evidence that did concern the relevant time period was not material. Plaintiff argues that the alleged onset of disability in her subsequent application is one day after the date of the ALJ's denial of her initial application, and she claims that it is likely that the decision in her subsequent application was based on some of the evidence at issue in this case. Dkt. # 27, at 9. The Court agrees that plaintiff is most likely correct that some of the same evidence was submitted with her subsequent application, and it is also likely that this evidence included the evidence that the Appeals Council found did not warrant a remand of this case. Sentence six of § 405(g) allows a court to remand a case "upon a showing that there is new evidence which is material and that there is good cause for the failure to

incorporate such evidence into the record . . . ." 42 U.S.C.§ 405(g). A district court remanding a case under sentence six

> does not affirm, modify, or reverse the Secretary's decision; it does not in any way as to the correctness of the administrative determination. Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceedings and that evidence might have changed the outcome of the prior proceeding.

Melkonyan v. Sullivan, 501 U.S. 89, 99 (1991). Remanding this case based on a subsequent favorable ruling would not meet the objectives of sentence six, because it is likely that most of the "new" evidence has already been found by the Appeals Council to be insufficient to require a remand to the ALJ. The Court would essentially be directing defendant to reconsider its decision, rather than evaluate new evidence, and this is not the purpose of a sentence six remand. Plaintiff has not shown that the fact of a subsequent favorable decision or consideration of the evidence underlying that decision require the Court to remand this case for further administrative proceedings, because it is not likely that consideration of this evidence would result in a different outcome.

**IT IS THEREFORE ORDERED** that the Report and Recommendation (Dkt. # 26) is **accepted**, and the Commissioner's decision is **affirmed**. A separate judgment is entered herewith.

**DATED** this 26th day of February, 2016.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE